**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:16-CV-091-RLV-DCK**

| | |
|---|---|
| **FRANKLIN SCOTT OLSEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **EQUIFAX INFORMATION SERVICES LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, documents, testimony, and information have been and may be sought, produced, or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendant, and/or credit and other confidential information regarding Plaintiff;

THEREFORE, this Court orders as follows:

1. Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party, or by any other party, to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(7) or another provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL." Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS."

2. A party wishing to designate portions of a deposition transcript as CONFIDENTIAL pursuant to this Order must, within 3 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with Paragraph 1 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record, or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers, and designation. The designating party must serve such Notice within 12 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 12-day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

3. All CONFIDENTIAL MATERIALS and all information derived there from (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials) shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

4. Subject to Paragraph 6, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys; (ii) qualified persons

taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

5. Subject to Paragraph 6, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration (attached hereto as Exhibit A) acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 4 and for the purposes specified in this Order, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

6. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in

writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) business days after such notice. The designating party shall have the right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the fifteen (15) business day period, the receiving party shall continue to retain the materials as CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

7. Subject to Paragraph 6, in the event either party wishes to submit CONFIDENTIAL MATERIALS to the Court in connection with a motion, trial, or other proceeding within the purview of this lawsuit, that party must contact the designating party seven (7) business days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS may file such material in accordance with Local Rule 6.1(B). This Stipulated Protective Order shall operate as an Order of the Court permitting filing under seal as required by Local Rule 6.1(B). Or, if the party seeking to file believes that a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court without the need for filing under seal, but the designating party has not agreed, the party seeking to file may file a motion for leave to file the redacted version. If the party seeking to file moves the Court for leave to file a redacted version on the public docket, the party seeking to file shall submit an unredacted version for the Court's consideration under Local Rule 6.1(D). The

parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

8. Subject to paragraph 6, within 90 days after final termination of this lawsuit, upon written request, the parties shall assemble and return to the party asserting confidential treatment all items containing CONFIDENTIAL MATERIAL submitted in accordance with Paragraph 1 above, or the parties may elect to destroy all items containing confidential information submitted in accordance with Paragraph 1 above. If either party elects to have its CONFIDENTIAL MATERIAL destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. The parties need not destroy or return notes or other attorney work product that refers to CONFIDENTIAL MATERIALS, provided the notes and work product remain subject to Paragraph 3.

9. This protective order covers all documents and information revealed during the pendency of this litigation and for 90 days after its conclusion unless otherwise ordered by the Court. Subject to Paragraphs 6 and 7, all CONFIDENTIAL MATERIAL shall remain confidential for a period of no less than seven (7) years, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

10. Nothing in this Order shall prevent a party from using at deposition, arbitration, or trial any information or materials designated as CONFIDENTIAL.

11. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief.

12. Neither the entry of this Order, nor the designation of any material as CONFIDENTIAL, nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as CONFIDENTIAL does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

14. The Court retains the right to allow disclosure of any subject covered by this stipulation, or to modify this stipulation at any time in the interest of justice.

SO ORDERED.

Signed: August 9, 2016

David C. Keesler
United States Magistrate Judge

*/s/ Theodore Roethke*
Theodore Roethke (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: (404) 572-3565
Fax: (404) 572-5100
Email: troethke@kslaw.com

Chelsea Corey
North Carolina Bar No. 48838
KING & SPALDING LLP
100 North Tryon Street, Suite 3900
Charlotte, NC 28202
Tel:  (704) 503-2575
Fax: (704) 503-2622
Email: ccorey@kslaw.com
***Attorneys for Defendant Equifax Information Services LLC***

*/s/ Asa Covington Edwards* (with consent)
Asa Covington Edwards, IV
North Carolina Bar No. 46000
Karl S. Gwaltney
North Carolina Bar No. 45118
Edward H. Maginnis
North Carolina Bar No. 39317
MAGINNIS LAW PLLC
4801 Glenwood Ave, Suite 310
Raleigh, NC 27612
Tel.: (919) 526-0450
Fax: (919) 882-8763
Email: aedwards@maginnislaw.com
Email: kgwaltney@maginnislaw.com
Email: emaginnis@maginnislaw.com
***Attorneys for Plaintiff Franklin Scott Olsen***

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such materials designated as CONFIDENTIAL to any other person, firm, or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Business Address: _____

Date: _____

Signature: _____